UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARBORVIEW REALTY, INC. and
MCGREGOR REAL ESTATE,
INC.,

      Plaintiffs,

v.                                 Case No.:  2:21-cv-942-JLB-KCD

FIFTH THIRD BANK, NATIONAL
ASSOCIATION,

      Defendant.

_____/

## ORDER

In this contract case, Defendant and Counter-Plaintiff Fifth Third Bank, National Association moves to seal two depositions of its employees, Brendan Smith and Christopher Tyo. (Doc. 62.) The depositions were already filed on the public docket by Plaintiffs at Docs. 58-2 and 58-3. And for now, Fifth Third's motion for summary judgment contains a placeholder for the depositions at Docs. 56-7, 56-9 pending a ruling on the motion to seal.

Fifth Third asserts that sealing is necessary because the depositions discuss its internal, highly confidential fraud-detection methodologies and cyber security procedures. Fifth Third safeguards these internal processes because disclosure of this information would pose a security threat that could potentially lead to customer accounts being compromised. Fifth Third also says

redaction is impractical because most of the testimony is confidential. Plaintiffs have no objection.

A court has discretion to determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Id.*

Good cause may overcome the presumption of public access. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In evaluating whether good cause exists, the court must balance the interest in public access against a party's interest in keeping the material confidential. *Id.* Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Id.*

Fifth Third has overcome the presumption of public access and shown good cause for filing the depositions under seal. Sealing is necessary because

most of the testimony includes confidential information, including in-depth testimony on Fifth Third's fraud-detection methodologies and cyber security programs.

    Accordingly, it is now **ORDERED**:

1. Defendant and Counter-Plaintiff Fifth Third Bank, National Association's Unopposed Motion to Seal (Doc. 62) is **GRANTED**. Exhibits F and H of Defendant's Motion for Summary Judgment (Doc. 56), as well as Exhibits B and C of Plaintiffs' Motion for Summary Judgment (Doc. 58), will be filed **UNDER SEAL**.

2. The Clerk is directed to remove Doc. 58-2 and 58-3 from the public docket and file them on under seal. The Clerk is further directed to replace Docs. 58-2 and 58-3 with single sheets reading "Exhibit B filed under seal pursuant to court order" and "Exhibit C filed under seal pursuant to court order."

3. Fifth Third shall deliver to the Clerk's Office an envelope with the caption of this case and an indication that the contents are to be filed **UNDER SEAL** pursuant to this Order and include within the envelope a flash drive containing PDF files of Exhibits F and H to Defendant's Motion for Summary Judgment (Doc. 56).

4. After the PDF files are docketed under seal, the Clerk may return the flash drive if Fifth Third provides a postage-prepaid method to do so, or the Clerk may securely destroy the flash drive.

5. The Clerk is directed to remove and replace the placeholder filed for Exhibits F and H to Defendant's Motion for Summary Judgment (Docs. 56-7, 56-9) with single sheets reading "Exhibit F filed under seal pursuant to court order" and "Exhibit H filed under seal pursuant to court order."

6. The depositions of Brendan Smith and Christopher Tyo will remain under seal until 90 days after the case is closed and all appeals are exhausted.

7. Attorneys Victor Walton, Jr., Esq. and Jacob Mahle, Esq., are authorized to retrieve the sealed, tangible items. Their contact information is: 301 East Fourth Street, Suite 3500, Cincinnati, Ohio 45202, vawalton@vorys.com, (513) 723-4027; and jdmahle@vorys.com, (513) 723-8589.

**ORDERED** in Fort Myers, Florida on October 31, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record